**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GRACE M.,**

|                          | **Plaintiff,** | **20-CV-1023Sr** |
|---|---|---|

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

|                          | **Defendant.** |
|---|---|

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security

Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have

consented to the assignment of this case to the undersigned to conduct all proceedings

in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g).

Dkt. #13.

## BACKGROUND

Plaintiff applied for disability insurance benefits with the Social Security

Administration ("SSA"), on January 18, 2017, alleging disability beginning August 12,

2016, at the age of 54, due to back injury from a car accident on January 2, 2016,

surgery, shooting pain in right leg, inability to sit/stand/walk for extended periods, and

chronic pain. Dkt. #8, p.67.

On December 21, 2018, plaintiff appeared with counsel and testified, along with an impartial vocational expert ("VE"), Deana Marie Olaf, at an administrative hearing before Administrative Law Judge ("ALJ"), Stephan Bell. Dkt. #8, pp.37-65. Plaintiff testified that she sustained a back injury following a car accident, which she has unsuccessfully treated with medication, physical therapy and surgery. Dkt. #8, pp.42-43. She does not drive much since her accident because she becomes anxious when she gets in a car. Dkt. #8, pp.43 & 47. She takes Xanax for anxiety and Hydrocodone for pain on an as needed basis, but sparingly. Dkt. #8, p.43. She takes Naproxen twice a day for pain; Flexoril for pain; and Lexapro and Trazadone at night to sleep and for anxiety. Dkt. #8, p.44. Plaintiff testified that her pain does not subside. Dkt. #8, p.49. She needs to change position every 10-15 minutes because her legs start to go numb. Dkt. #8, p.50. She cannot stand for more than 10-15 minutes. Dkt. #8, p.50. She cannot walk more than the length of a room or lift more than a gallon of milk. Dkt. #8, p.50. She constantly alternates between walking a little bit and sitting or lying down on the couch because she cannot get comfortable. Dkt. #8, p.46. She becomes anxious and has difficulty focusing on things. Dkt. #8, p.51. On a good day, plaintiff is able to cook something simple like scrambled eggs and toast; fold laundry that her husband has brought up from the basement; unload the dishwasher; or vacuum a room before she has to sit or lie down because of pain. Dkt. #8, pp.47 & 49.

When asked to assume an individual with plaintiff's age, education and past work experience who was limited to light work and could frequently balance; occasionally stoop, kneel, crouch and crawl; and never climb ladders, ropes or scaffolds

or work in vibration, the VE testified that plaintiff could perform her past work as a bank

teller as that position was generally performed. Dkt. #8, p.59. If plaintiff was restricted to

standing for no more than four hours of an eight-hour workday, the VE testified that

plaintiff would not be able to work as a bank teller, but would possess transferable skills

to work as a payment clerk, mortgage accounting clerk or wire transfer clerk, each of

which were sedentary, semi-skilled positions . Dkt. #8, pp.59-60. The VE further

testified that these positions would not be available to an individual limited to simple

and routine tasks due to difficulties with concentration. Dkt. #8, p.62. The VE also

opined that an individual off task 15% or more of the workday or absent more than six

days of work over the course of six months would be unable to retain employment. Dkt.

#8, pp.61-62.

The ALJ rendered a decision that plaintiff was not disabled on January 22,

2019. Dkt. #8, pp.14-24. The Appeals Council denied review on June 12, 2020. Dkt. #8,

p.5. Plaintiff commenced this action seeking review of the Commissioner's final

decision on August 4, 2020. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to

determining whether the SSA's conclusions were supported by substantial evidence in

the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d

145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*,

569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that she is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that she has a severe impairment or combination of impairments that limits her ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient RFC for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the

claimant is unable to return to past relevant work, the burden of proof shifts to the

Commissioner to demonstrate that the claimant could perform other jobs which exist in

significant numbers in the national economy, based on claimant's age, education and

work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the

five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful

activity since the alleged onset date of August 12, 2016; (2) plaintiff's status post

lumbar discectomy, piriformis syndrome and fibromyalgia were severe impairments; (3)

plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained

the RFC to perform light work except that she was limited to lifting 20 pounds

occasionally and 10 pounds frequently, pushing and pulling as much as she can lift,

sitting no more than 6 hours and standing or walking no more than 4 hours, frequent

balancing, occasional use of ramps, climbing stairs, stooping, kneeling, crouching and

crawling, and no climbing of ladders, ropes or scaffolds; (5) plaintiff was not capable of

performing her past work as a bank teller, but was capable of working as a mortgage

accounting clerk or wire transfer clerk, each of which were semi-skilled, sedentary

exertion positions, and was not, therefore, disabled within the meaning of the SSA. Dkt.

#8, pp.16-24.

Plaintiff argues that the ALJ failed to account for her non-severe mental

impairments in calculating her RFC. Dkt. #10-1, pp.10-15. More specifically, plaintiff

argues that if she was limited to simple, routine work, she would be disabled under the

vocational gridlines. Dkt. #10-1, p.13.

The Commissioner responds that the ALJ properly determined that plaintiff's anxiety and depression imposed no more than mild limitations in her ability to concentrate and manage oneself and that plaintiff failed to meet her burden of demonstrating that these mild limitations warranted any functional restrictions. Dkt. #11-1, pp.7-15.

An impairment is not severe if the medical evidence establishes only a slight abnormality which would have not more than a minimal effect on a plaintiff's ability to perform basic work activities. *Goettel v. Comm'r of Soc. Sec'y*, 18-CV-1285, 2019 WL 6037169, at *5 (W.D.N.Y. Nov. 14, 2019), *citing* 20 C.F.R. § 404.1521(a). However, even where an ALJ properly determines that plaintiff's mental limitations are non-severe at step two, the ALJ may not simply rely upon such a finding as a substitute for a proper RFC analysis, but must consider the effect of any restrictions resulting from a non-severe impairment when determining plaintiff's RFC at step four. *Parker-Grose v. Astrue*, 462 Fed. App'x 16, 18 (2d Cir. 2012)*; MacDonald v. Comm'r of Soc. Sec'y*, 17-CV-921, 2019 WL 3067275, at *3 (W.D.NY. July 11, 2019); 20 C.F.R. § 404.1545(a)(2).

An ALJ's failure to evaluate the extent to which mild limitations may or may not impact a plaintiff's ability to engage in substantial gainful employment constitutes legal error requiring remand. *Reed v. Comm'r of Soc. Sec'y*, 18-CV-169, 2019 WL 4643605, at *3 (W.D.N.Y. Sept. 24, 2019). However, even though mild limitations may cause functional restrictions, such limitations do not compel the inclusion of mental limitations in the RFC. *Lynette W. v. Comm'r of Soc. Sec'y,* 19-CV-

1168, 2021 WL 868625, at *4 (W.D.N.Y. March 9, 2021). "Where an ALJ's assessment

of only mild limitations in mental functioning are supported by substantial evidence in

the record, the ALJ is not required to include mental limitations or restrictions in the

RFC." *Katherine R. v. Comm'r of Soc. Sec'y,* 20-CV-1055, 2021 WL 5596416, at *6-7

(W.D.N.Y. Nov. 30, 2021) (ALJ's decision not to include any mental limitations in the

RFC was supported by substantial evidence where ALJ reviewed mental health records

indicating no more than mild limitations in any area of mental functioning when

fashioning the RFC); *Sirris v. Comm'r of Soc. Sec'y,* 18-CV-1087, 2020 WL 5105110, at

*9 (W.D.N.Y. Aug. 31, 2020) (discussion of plaintiff's testimony and daily activities,

along with medical opinions, establishing that ALJ considered plaintiff's non-severe

impairment in determining RFC); *Cromwell v. Comm'r of Soc. Sec'y*, 18-CV-1194, 2020

WL 409989, at *2 (W.D.N.Y. Jan. 24. 2020) (ALJ's consideration of normal mental

status and lack of counseling demonstrated consideration of plaintiff's non-severe

mental impairments at step four). Moreover, mild mental limitations do not necessarily

preclude semi-skilled work. *Dennis R. v. Comm'r of Soc. Sec'y*, 19-CV-938, 2020 WL

7319228, at *13 (W.D.N.Y. Dec. 11, 2020).

       In the instant case, the ALJ recognized plaintiff's medically determinable

mental impairments of major depressive disorder, generalized anxiety disorder and

panic disorder at step two of the sequential evaluation, but properly determined that

they did not cause more than minimal limitations in plaintiff's ability to perform basic

mental work activities. Dkt. #8, p.16. In reaching this conclusion, the ALJ considered the

four broad areas of mental functioning commonly referred to as the paragraph B criteria

and determined that plaintiff had no limitations in understanding, remembering or applying information; no limitations in interacting with others; mild limitations in ability to concentrate, persist or maintain pace; and mild limitations in ability to adapt or manage herself. Dkt. #8, p.17. In support of this assessment, the ALJ noted mental status examinations describing appropriate affect and mood, with intact judgment, insight and memory as well as plaintiff's reported ability to drive, read, use the internet, and care for herself, her grandson and her pets. Dkt. #8, p.17. The ALJ also noted plaintiff's reported ability to be flexible in response to stressful situations and her report that "it's my body, it's not depression," causing her symptoms. Dkt. #8, pp.17, 165 & 452.

At the conclusion of his analysis at step two, the ALJ acknowledged that the paragraph B analysis was insufficient to satisfy his obligation to determine plaintiff's RFC at step 4, but noted that his RFC incorporated the degree of limitation assessed in the paragraph B mental function analysis at step two. Dkt. #8, p.17. At step four, the ALJ observed that plaintiff takes medication sparingly, rejects alternative therapies recommended by her medical providers, cares for her 3-year old grandson two days per week, cares for her pets and is able to perform some household chores, do laundry, read for pleasure and watch television. Dkt. #8, p.19. The ALJ also noted that plaintiff's primary care physician, Susan Baldassari, M.D., noted upon examination that plaintiff presented with normal affect and appropriate mood and cared for her active grandson during examination on May 13, 2016. Dkt. #8, p.19. The ALJ further noted plaintiff was in no apparent distress upon examination by Dr. Baldassari on September 23, 2016 and that plaintiff declined Dr. Baldassari's referral to counseling for evaluation of her

complaints of depression in 2018. Dkt. #8, pp.19 & 21-22. Thus, this is not a case

where the ALJ failed to consider plaintiff's non-severe impairments in assessing

plaintiff's RFC, but rather a case where the ALJ appropriately determined that such

impairments did not limit her ability to perform semi-skilled work.


## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings

(Dkt. #10), is denied and the Commissioner's motion for judgment on the pleadings

(Dkt. #12), is granted.


The Clerk of the Court is directed to close this case.


**SO ORDERED.**


**DATED:**      **Buffalo, New York**
          **March 29, 2022**

                             **s/ H. Kenneth Schroeder, Jr,**
                             **H. KENNETH SCHROEDER, JR.**
                             **United States Magistrate Judge**